UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JASON M. TARDIFF,<br><br>   Plaintiff<br><br>v.<br><br>SIGCO, INC.<br><br>SIGCO, INC. INCENTIVE<br>   COMPENSATION PLAN,<br><br>PRINCIPAL FINANCIAL GROUP,<br><br>CRH AMERICAS DEFERRED<br>   COMPENSATION PLAN,<br><br>EDRICK WITTES,<br><br>   Defendants | COMPLAINT |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff seeks to recover benefits due him under the Sigco, Inc. Incentive Compensation Plan, Contract No.: 462028 (the Incentive Plan); the CRH Americas Deferred Compensation Plan (the CRH Plan); and Principal Financial Group (Principal) to enforce his rights under the Plan, and to clarify his rights to future benefits according to the terms of the Plan under 29 U.S.C. § 1132 (a)(1)(B), Plaintiff seeks equitable relief under 29 U.S.C. § 1132 (a)(3), and to recover penalties against each Defendant under 29 U.S.C. § 1132 (c). Plaintiff seeks remedies under Maine state law for breach of contract, breach of fiduciary duty, and breach of duty of trustee under the Maine Uniform Trust Code, 18-B

M.R.S. § 1001-1104, and violation of 26 M.R.S.§ 626, the Maine Timely and Full Payment of Wages law.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over all ERISA claims pursuant to 29 U.S.C. § 1132 (e)(1).

2. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

3. Plaintiff is a resident of the town of Sinclair, County of Aroostook, State of Maine.

4. Defendants can be found and the events relevant to this action occurred in the city of Westbrook, County of Cumberland, State of Maine.

5. This claim is properly filed in the District of Maine and assigned to the Portland Division pursuant to Rule 3(b) of the Local Rules of the United States District Court for the District of Maine.

## STATEMENT OF FACTS

6. Plaintiff was an employee of Sigco, Inc. from 4/24/2006 to 1/3/ 2020.

7. Sigco, Inc. is an architectural glass and metal fabricator, and distributor.

8. Plaintiff's position was Operations Manager.

9. As Operations Manager, he was in charge of production, maintenance, and engineering.

10. The Incentive Plan was established by Sigco, Inc. for the purpose of providing deferred compensation to a highly compensated and select group of employees.

11. Sigco, Inc. was the Sponsor and the Administrator of the Incentive Plan.

12. Principal was the Administrator of the Incentive Plan.

13. Edrick Wittes was the Finance Manager of Sigco, Inc.

14. Wittes managed the Incentive Plan.

15. Wittes was responsible for communicating with participants about the Incentive Plan.

16. Plaintiff was a highly compensated employee.

17. Plaintiff was a member of a select group of employees which was comprised of executive staff.

18. Plaintiff began to participate in the Incentive Plan at the time it was created.

19. Plaintiff's employment ended on 1/3/2020.

20. By email to Wittes on 1/12/2020, Plaintiff made a claim for benefits from the Incentive Plan.

21. On 1/13/2020, Wittes told Plaintiff via email that his Incentive Plan account had been closed on September 30, 2019 thereby effectively denying his claim.

22. Wittes did not provide to Plaintiff reasons why his claim was denied or information about claims procedures including instructions for perfecting an appeal.

23. The statement made by Wittes that the Incentive Plan had been closed on 9/30/2020 was false.

24. On 1/22/2020, the balance in Plaintiff's Incentive Plan was $92,497.36.

25. At some time between January 22, 2020 and January 28, 2020 the Incentive Plan showed a zero balance.

26. On 1/3/2020, the balance in the CRH plan was $88,801.49.

27. The discrepancy in these accounts is $3,695.87. The value of this sum at 6% for 12 months is $7,579.31.

28. The Incentive Plan misappropriated $3,695.87 which was owed to Plaintiff.

29. The CRH Plan misappropriated the amount of $3,695.87 which was owed to Plaintiff.

30. On 1/12/2020, Plaintiff requested of Wittes and the Incentive Plan a statement of his account.

31. Plaintiff was entitled to a statement of his account in the Incentive Plan for each quarter.

32. Plaintiff was never provided this statement.

33. On 2/10/2020, Plaintiff, through his attorney, requested a statement of his account from Wittes, Sigco, Inc., Prinicipal and also requested the Incentive Plan documents.

34. Plaintiff was never provided this statement and never provided these documents.

35. On 2/28/2020, Plaintiff, through his attorney, requested a statement of his account from Wittes, Sigco, Inc. and also requested the Incentive Plan documents.

36. Plaintiff was never provided this statement and never provided these documents.

37. On 3/17/2020, Plaintiff, through his attorney, requested of the Incentive Plan, Principal, and Wittes, the Incentive Plan Document, Trust, Agreement, Contract, and any other document under which the Plan was established.

38. These documents have never been provided.

39. On 3/17/2020, Plaintiff, through his attorney, requested of the Incentive Plan, Principal, and Wittes an accounting of all activity in the Incentive Plan.

40. This accounting has never been provided.

41. On 7/13/ 2020, Plaintiff, through his attorney, requested of Wittes, the Incentive Plan, Principal, and the CRH Plan, the Incentive Plan Document, Trust, Agreement, Contract, and any other document under which the Plans were established.

42. These documents have never been provided.

43. On 7/13/2020, Plaintiff, through his attorney, requested of Wittes, the Incentive Plan, Principal, and the CRH Plan, an accounting of all activity in the Incentive Plan, the Principal account and the CRH Plan.

44. This accounting has never been provided.

## COUNT I
## 29 U.S.C. § 1132(a)(1)
## CIVIL ENFORCEMENT

45. Plaintiff realleges paragraphs 1 through 44 as if alleged here.

46. Plaintiff seeks to recover benefits due him under the terms of the Plans and to enforce his rights under the terms of the Plans.

## COUNT II
## 29 U.S.C. § 1132(a)(3)
## APPROPRIATE EQUITABLE RELIEF

47. Plaintiff realleges paragraphs 1 through 46 as if alleged here.

48. Plaintiff seeks appropriate equitable relief against all Defendants.

COUNT III
29 U.S.A. § 1132(c)
PENALTIES FOR FAILURE TO PROVIDE REQUESTED INFORMATION

49. Plaintiff realleges paragraphs 1 through 48 as if alleged here.

50. Plaintiff requested a statement of his account from Defendants on 1/12/2020, 2/10/2020; 2/28/2020, 3/17/2020, and 7/13/ 2020.

51. Plaintiff requested Plan documents from Defendants on 3/17/2020 and 7/13/2020.

52. Plaintiff requested information to which he is entitled 5 times and did not receive it.

53. Plaintiff is entitled to a penalty of $110.00 from each Defendant for each day the production of documents was late.

COUNT IV

BREACH OF TRUST
18-B M.R.S. § 101-1014

54. Plaintiff realleges paragraphs 1 through 53 as if alleged here.

55. The Plans were Trusts as defined in the Maine Uniform Trust Code.

56. All Defendants were Trustees as defined in the Maine Uniform Trust Code.

57. As Trustees were required to administer the Plans in the interest of Plaintiff.

58. All Defendants breached their fiduciary duties by misappropriating § 3,695.87.

COUNT V
MAINE TIMELY AND FULL PAYMENT OF WAGES LAW
26 M.R.S. § 626

59. Plaintiff realleges paragraphs 1 through 58 as if realleged here.

60. The amount of $3,695.87 constituted wages under the Maine Timely and Full Payment of Wages law.

61. The amount of $3,695.87 was not timely paid after Plaintiff's employment ended.

## COUNT VI
## BREACH OF FIDUCIARY DUTY

62. Plaintiff realleges paragraphs 1 through 61 as if alleged here.

63. All Defendants were fiduciaries of Plaintiff with respect to all actions involving the Incentive Plan and the CRH Plan.

64. All Defendants breached their fiduciary duties by misappropriating § 3,695.87.

65. Plaintiff was harmed by the breach because he was denied the opportunity to invest the amount that was misappropriated.

66. Defendant should be surcharged in the amount of $7,579.31 plus costs and attorney's fees.

## COUNT VII
## BREACH OF CONTRACT

67. Plaintiff realleges paragraphs 1 through 66 as if alleged here.

68. Plaintiff had a contract with Defendants to manage the Plans solely for his benefit.

69. Defendants breached this contract by misappropriating § 3,695.87.

70. Plaintiff was harmed by the breach because he was denied the opportunity to invest the amount that was misappropriated.

WHEREFORE,

Plaintiff seeks all remedies available for each Count including penalties, attorney's fees, costs, and interest.

DATED:  January  28, 2021

/s/ Gisele M. Nadeau
55 Pleasant Ave.
Portland, ME 04103

207-671-0327
nadeau@nadeauerisadisability.com